35 F.3d 557
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Otis Howard HUGHES, Jr., Defendant-Appellant.
 No. 93-5822.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 8, 1994.
Decided Sept. 2, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-93-107).
 William C. Ingram, Jr., Floyd, Allen & Jacobs, Greensboro, NC, for appellant.
 Benjamin H. White, Jr., U.S. Atty., Harry L. Hobgood, Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINS and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Otis Howard Hughes, Jr. appeals from his jury conviction of conspiracy to possess over fifty grams of crack cocaine with the intent to distribute it in violation of 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994) and 21 U.S.C. Sec. 846 (1988). He asserts that the court erred in denying his Fed.R.Crim.P. 29 motion for acquittal at trial because the evidence was insufficient to support his conviction. Because we find the evidence, when construed in the light most favorable to the government, is sufficient to support his conviction, we affirm Hughes's conviction and sentence.
 
 
 2
 The incident that is the basis of Hughes's conviction occurred in a North Carolina post office in April 1993. A postal inspector intercepted a package at an airmail facility that was mailed by Express Mail from New York City to North Carolina. The package aroused his suspicions because it was mailed from New York; it was heavily sealed; it had a handwritten label; and it emitted a strong odor of coffee.[1] A drug sniffing dog later alerted to the package and signalled that it contained a controlled substance. After obtaining a search warrant, the inspector opened the package and found 60.51 grams of crack cocaine inside with other various personal items. He removed the drugs and attempted delivery of the package.
 
 
 3
 On the following day, Appellant arrived at the post office designated for the package's delivery and requested the package. Hughes completed a delivery receipt and conversed with the postal clerk. Hughes inquired if one could mail cash via Express Mail; the clerk informed him that mailing cash was not advisable. Hughes was arrested as he exited the post office with the package; his co-defendant ("Minard") was arrested outside the post office as he attempted to flee. The postal inspector testified at trial that as he took Hughes into the postmaster's office, he informed Hughes that he was under arrest for "cocaine," to which Hughes responded that he did not know that there was any "crack" in the package.
 
 
 4
 Hughes later signed a waiver of rights form at the police station and admitted that Minard told him that the package contained drugs and that Minard promised to pay him $500 to retrieve the package from the post office.[2] Hughes later testified that he had not given Minard permission to use his name and address for delivery of the package, that Minard agreed to pay him only ten or fifteen dollars to pick it up, and that Minard informed him that the package contained drugs just before he entered the post office, but he did not believe him. He denied that he inquired about sending cash by Express Mail.
 
 
 5
 The only issue Hughes raises on appeal is that the evidence was insufficient to support his conviction because there was no evidence that he intended to distribute the drugs. This Court must uphold a jury verdict if, when viewed in the light most favorable to the government, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. United States v. United Medical & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir.1993). This Court must allow the government the benefit of all reasonable inferences drawn from the facts proven. United States v. Jones, 735 F.2d 785, 791 (4th Cir.), cert. denied, 469 U.S. 918 (1984). Where there are conflicts in testimony, it is for the jury and not the appellate court to weigh the evidence and judge the credibility of the witnesses. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 6
 In order to prove a conspiracy, the government must establish an agreement between two or more persons to commit an unlawful act in concert. United States v. Giunta, 925 F.2d 758, 764 (4th Cir.1991). This Court examines the totality of the circumstances in assessing whether the government has established the necessary agreement. United States v. Bell, 954 F.2d 232, 236 (4th Cir.1992). The government need not show that the defendant knew all of the conspirators, that he had knowledge of all of the details of the conspiracy, or that he had a major role in the conspiracy. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992). The government may prove its case by circumstantial as well as direct evidence. Giunta, 925 F.2d at 764. Circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir.1989). Once the government establishes the existence of a conspiracy,"the evidence need only establish a slight connection between the defendant and the conspiracy to support conviction." Brooks, 957 F.2d at 1147.
 
 
 7
 Though some of the government's evidence conflicts somewhat with Hughes's own testimony, resolution of those conflicts involves assessments of credibility which are in the sole province of jury. Construing the evidence and all inferences therefrom in the light most favorable to the government, we find it sufficient to support Hughes's conviction. Even Hughes essentially acknowledged at trial that he entered into an agreement with Minard to receive a package containing drugs in exchange for money. The package contained 60.51 grams of crack cocaine. Intent to distribute may be inferred when the quantity of drugs possessed is too large for personal consumption. United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir.1993), cert. denied, 1994 U.S. LEXIS 4201 (U.S. May 31, 1994). In addition, a postal clerk testified that Hughes inquired about sending cash via Express Mail, which could indicate that Hughes intended to mail profits from the distribution of the crack. For these reasons, we affirm Hughes's conviction and sentence. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The inspector testified that coffee is often used to disguise the odor of illegal drugs
 
 
 [2]
 The defense did not object to the admission of these statements at trial